255 So.2d 132 (1971)
Alton "Tan" ROMERO et al., Plaintiffs-Appellants,
v.
BUTCHER AIR CONDITIONING COMPANY et al., Defendants-Appellees.
No. 3621.
Court of Appeal of Louisiana, Third Circuit.
December 2, 1971.
Paul J. Hardy, of Willis & Hardy, St. Martinville, for plaintiffs-appellants.
Davidson, Meaux, Onebane & Donohoe by Robert Mahony, Lafayette, for defendants-appellees.
Before FRUGE, HOOD and DOMENGEAUX, JJ.
HOOD, Judge.
Alton "Tan" Romero, and his three subrogated fire insurers, instituted this suit for damages sustained by them as the result of a fire in a building owned by Romero. *133 The suit was instituted against Butcher Air Conditioning Company and its liability insurer, Firemen's Fund Insurance Company. Judgment was rendered by the trial court in favor of defendants, and plaintiffs have appealed. We affirm.
The issue presented is whether defendant Butcher was negligent in failing to properly wire and install three air conditioning units in the burned building, and if so, whether the fire resulted from that negligence.
At about 10:00 P.M. on October 17, 1968, a fire occurred in a building owned by Romero, in St. Martinville, Louisiana. The building had been leased to Elie Hulin and T. K. Hulin, and at the time of the fire it was being used by the lessees as a night club.
In 1968 an agreement was entered into between the Hulins and Butcher for the installation of window-type air conditioning units in the leased building. Pursuant to that agreement, three air conditioning units were installed in the Romero building by Butcher, the installation having been completed in late July or early August, 1968. Also installed at the same time was the wiring needed for those units and for the possible later installation of a fourth unit.
On two or three occasions shortly after the air conditioning units were installed some electrical fuses in lines leading to the units blew out, and following each of those occurrances employees of Butcher made service calls to the building to make the necessary repairs. The exact dates of these service calls are not shown, but the record indicates that they were made within two or three weeks after the installation had been completed, and that the units performed properly and without any further trouble or malfunction for several weeks following the last service call, up to the time the fire occurred.
The fire originated on the rear wall of the building, near the ceiling. It destroyed a part of the rear wall and some of the ceiling in that area, and it damaged several chairs and tables which were in the rear part of the night club. One of the conduits which had been installed to service the air conditioning units ran along the back wall of the building in that area, and after the fire that conduit was found to have been burned to such an extent that it separated at one of the joints. The point where this conduit separated was near the end of the line, between the last air conditioning unit and the place where a fourth unit could be installed later.
The night club which was being operated by the Hulins was open for business only three days per week, on each Friday, Saturday and Sunday. It remained closed the other four days and nights of the week. The fire which precipitated this suit occurred on a Thursday night. The building was closed and was unoccupied when the fire started, and it had been closed since the preceding Sunday night. None of the air conditioners had been operated between the time the club was closed on Sunday night, October 13, and the time the fire occurred on Thursday night, October 17.
An investigation of the fire was made the day after it occurred by the Chief of the St. Martinville Fire Department. Another investigation was made a few months later by Richard L. Madison, a licensed mechanical engineer who was engaged and called by plaintiffs. Madison has had extensive experience in investigating damages to structures caused by defects in or failure of machinery and electrical equipment, and he was qualified as an expert in that field. This expert and the Fire Chief agreed that the fire was electrical in origin, and Madison felt that it originated in the conduit which ran along the back wall of the building, at about the point where that conduit separated during the fire.
After the fire, the Fire Chief discovered that in the three fuse boxes installed by Butcher, small pieces of copper tubing had been inserted in each such box in place of regular fuses. The insertion of copper tubing instead of fuses removes the protection *134 from fire which the fuses provide. Plaintiffs allege that the copper tubing was placed in the boxes by Butcher, and that that was one of the causes of the fire.
The trial judge found, and we agree, that "there is nothing in the record to establish or even suggest that this was done by the defendant." But regardless of who may have inserted the copper tubing in place of fuses, the testimony of plaintiffs' expert, Mr. Madison, makes it plain that this could not have caused the fire. He testified, "The copper tubing in the fuse box was not and could not be a cause of this fire."
There is no direct or positive evidence in the record tending to show that Butcher improperly installed the air conditioning units or wiring in the building, or that it used faulty or defective materials, or that it was negligent in any other way in performing the work which it was engaged to perform on the Romero building.
Plaintiffs contend, however, that they have established Butcher's negligence by circumstantial evidence. They also contend, alternatively, that they are entitled to invoke the doctrine of res ipsa loquitur, and to recover the damages claimed under that doctrine. The trial judge rejected both of these arguments.
The general rule is that negligence is never presumed, and that the burden of proving negligence by a preponderance of the evidence rests on the party alleging it. Gray v. Nathan, 221 So.2d 859 (La.App. 1 Cir. 1969); Crier v. Marquette Casualty Company, 159 So.2d 26 (La.App. 4 Cir. 1963); Oliver v. Pitarro, 129 So.2d 39 (La.App. 2 Cir. 1961).
Negligence may be proved by direct or by circumstantial evidence. A plaintiff relying upon circumstantial evidence, however, must exclude, with a fair amount of certainty, every other reasonable hypothesis but that the damages claimed resulted from the negligence of the defendant. United States Fidelity and Guaranty Company v. Hyams, 238 So.2d 750 (La.App. 3 Cir. 1970); McFatter v. Welch, 205 So.2d 607 (La.App. 3 Cir. 1967); Gassiott v. Gordey, 182 So.2d 170 (La.App. 3 Cir. 1966); Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395 (1963).
Mr. Madison, the only expert who testifed at the trial, felt that the fire was caused by a fault in the electrical line which had been installed along the back wall of the building, but he was unable to express an opinion as to what caused that fault. He stated that he could find nothing in the wiring or in the installation of the air conditioners that was "defective" or that was "done wrong." Although he felt that the electrical fault could have been caused by some undiscovered defect in workmanship or materials, he testified that it also could reasonably have resulted from a number of other causes. He suggested, as other reasonable hypotheses, that the electrical fault could have been caused by an overload of the circuit, by a power failure, by a sudden power surge, by a short in the power company's transformer, or by lightning. None of these hypotheses involve negligence on the part of Butcher. Mr. Madison felt that all of them were reasonable, and the evidence does not exclude any of them as a reasonable explanation as to the cause of the fire.
The trial judge concluded that plaintiffs have failed to exclude any of the several hypotheses suggested by Mr. Madison as to the cause of the fire, only one of which involved negligence on the part of Butcher, and that the evidence thus fails to show negligence on the part of the defendant insured. We agree with the trial court in that holding.
Plaintiffs contend, however, that the evidence creates an inference that the fire resulted from Butcher's negligence, and that under the doctrine of res ipsa loquitur the burden is shifted to defendants to rebut and overcome that inference. The evidence shows, they argue, that the wiring *135 and installation of the air conditioning units were under the control of Butcher, and that the fire was of such a nature that it would not have occurred if defendant had used proper care in the installation of the cooling system. They take the position that these facts are sufficient to create an inference that the fire resulted from defendant's negligence, and that the burden of proof thus shifts to Butcher to exculpate itself from fault.
The trial judge held that the doctrine of res ipsa loquitur was not applicable because Butcher did not have any control over the premises at the time the fire occurred. We agree with the result reached by the trial court, but we prefer to base our holding on another ground.
The doctrine of res ipsa loquitur may be invoked only where the evidence warrants an inference that it was the defendant's negligence, rather than the acts of others for which defendant is not responsible, that caused the accident or damages. It may not be invoked where, from the facts presented, it could reasonably be concluded that the damage was caused by the fault of another, or that it resulted from circumstances not involving negligence on the part of the defendant. Morales v. Employers' Liability Assur. Corporation, 202 La. 755, 12 So.2d 804 (1943); Hanchey v. Central Louisiana Electric Company, 218 So.2d 399 (La.App. 3 Cir. 1969); Connecticut Fire Insurance Company v. Lavergne, 224 So.2d 479 (La.App. 3 Cir. 1969).
We have held in this suit that it reasonably could be concluded from the facts presented that the fire which damaged the Romero building was caused by the fault of others or by acts or circumstances which did not involve negligence on the part of defendant Butcher. Since such a conclusion could be reached reasonably, the doctrine of res ipsa loquitur is not applicable.
Our conclusion is that plaintiffs have failed to show negligence on the part of defendant Butcher, and that the trial court correctly rejected their demands.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.