342 So.2d 1248 (1977)
Marco MORALES
v.
HOUSTON FIRE AND CASUALTY COMPANY, INC. (Consolidated with No. 7799, Glen Schurr vs. Houston Fire & Casualty Company, Bell Cleaner, Inc. & William Mora, Jr.)
No. 7800.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
Rehearing Denied March 15, 1977.
Writ Refused May 6, 1977.
*1249 Kronlage, Dittmann & Caswell, Samuel E. Schudmak, III, New Orleans, for plaintiffs-appellees.
Bienvenu, Foster, Ryan & O'Bannon, Ernest L. O'Bannon and David E. Walle, New Orleans, for defendant-appellant.
Before SAMUEL, LEMMON and GULOTTA, JJ.
LEMMON, Judge.
The liability insurer of Bell Cleaners, Inc. has appealed from a judgment in favor of plaintiff for the amount of fire damage to movable property located in plaintiff's second story apartment above Bell's business establishment. The issue is the sufficiency of plaintiff's proof of Bell's liability for causing the fire.
Bell's business occupied four buildings, which were located one behind the other. Clothes distribution and some pressing took place on the lower floor of the two-story building which fronted on Broad Street. The fire started in a small shed located about three to five feet behind the main two-story building. The shed, which Bell used for pressing shirts, had only one door and no windows. Pipes carried steam into the pressing shed from the third building, which was the boiler room. The last building was the chemical shed.
The pressing shed could be seen from the street and was accessible by means of an unfenced alley which ran alongside the main building. All three accessory buildings were apparently located in an open area, surrounded by apartment houses whose residents had complete access to the buildings.
On the night of the fire the owner of the business locked and secured the premises about 9:30 p.m., although pressing operations generally ceased about 5:30 p.m. The fire broke out about 3:30 the following morning.
The pressing shed was completely consumed in the fire. The fire inspector found no evidence of arson and was unable to determine the cause of the fire or the precise point of origin in the pressing shed.
The record contains no other evidence as to the cause of the fire (except hearsay testimony by the inspector reciting improbable statements by a neighbor that at about 1:00 a.m. she saw boys throwing objects at the building, that one of the objects was lighted, that she called the fire department, *1250 and that she then "went to watch the fire").[1]
Thus, while the record established that the fire caused plaintiff's damage, there was no direct evidence as to what caused the fire. Causation, however, like any other fact, need not be proved by direct evidence and may be shown by circumstantial evidence. The ultimate question is the preponderance of all evidence. Proof, whether by direct or circumstantial evidence, is sufficient to constitute a preponderance when the proof, taken as a whole, shows that the fact or causation sought to be proved is more probable then not. Boudreaux v. American Ins. Co., 262 La. 721, 264 So.2d 621 (1972); Hanover Ins. Co. v. Jacobson-Young, Inc., 294 So.2d 564 (La. App. 4th Cir.1974).[2]
Although the circumstances surrounding the occurrence of a fire may give rise to an inference that a particular defendant was negligent, that negligence is not presumed from the mere happening of the fire, because there can be many causes of fires. The determination of preponderance depends on whether the evidence taken as a whole shows that the particular defendant's negligence was the most plausible or likely cause of the fire.
All that is shown by the evidence in this case is that a fire began somewhere in the pressing shed and spread to the main building, and that the buildings had been locked about six hours before the fire started. These facts alone do not raise an inference that negligence by the operator of the cleaning business caused the fire.
The only evidence as to the use of the pressing shed was testimony given by plaintiff's family and answers to interrogatories, and there was no suggestion in the record that combustible materials, flammable liquids or other dangerous substances were kept there or were improperly used or stored in any of the four buildings used by Bell. Indeed, the word "cleaning fluid", although used in argument, does not appear in the record. Furthermore, there was no evidence of open flames, pilot lights or other ignition sources in the shed. On the basis of this record, and especially in view of the fact that none of Bell's employees were in the shed when the fire started and had not conducted any activity there for over six hours before the fire started, one could as reasonably infer that the fire was started by burglars in the course of breaking into the shed, by mischievous vandals in the neighborhood, or even by cigarettes thrown by neighbors in the yard as by Bell's negligence. Compare Barber v. Books, Inc., 316 So.2d 154 (La.App.4th Cir.1975).
Furthermore, the requirement of preponderating evidence is not lessened by the fact that any evidence which may have identified the cause of the fire was destroyed by the complete overburn of the shed. A plaintiff cannot sustain his evidentiary burden by simply showing that proof is virtually impossible or that information explaining the occurrence was more accessible to the defendant. A plaintiff sustains his burden only by showing sufficient circumstances, raising inferences of defendant's negligent causation, to outweigh other possible explanations.
We conclude that plaintiff has failed to prove by a preponderance of the evidence that Bell's negligence caused the fire and resulting damages.
Plaintiff contends, however, citing Langlois v. Allied Chemical Co., 258 La. 1067, 249 So.2d 133 (1971), that negligence need not be proved, since a proprietor is absolutely liable under C.C. art. 667 when his use of his property causes damage to a neighbor.
The liability of a proprietor to those damaged by his use of property is absolute *1251 in the sense that liability does not depend upon proof of negligence or other fault. See 32 La.L.Rev. 183, 185 (1972). While this theory of absolute liability may dispense with the necessity of proving that the proprietor was negligent in the use of his property, it does not dispense with the necessity of proof that the proprietor's non-negligent use caused the damages.
Proof of causation is missing in this case, and plaintiff therefore cannot avail himself of any C.C. art. 667 theory of absolute liability.
For these reasons, the judgment of the trial court is reversed, and it is now ordered that plaintiff's suit be dismissed. Each party is to bear his own costs.
REVERSED AND RENDERED.
NOTES
[1] This neighbor did not testify, but the fire department's records showed that the first call about this fire came at 3:37 a.m. Another neighbor, whose open second story window overlooked the open area in which the shed was located, was up until 1:30 a.m. watching television and neither saw nor heard anything unusual before retiring.
[2] For a discussion of the "more probable than not" burden, see XXIII La. Bar J. 263 (1976).