PONDER, Judge.
These are appeals from judgments for personal injuries and property damage resulting from the escape of anhydrous ammonia.
The lower court rendered judgment in favor of Dunson and against General American Transportation Company for $65,000.00 and in favor of Triad Chemical and against General American Transportation Company for $11,330.00. All claims against all other defendants and third party defendants, Dow Chemical Company, Triad Chemical Company, International Minerals & Chemicals Corporation, and Missouri Pacific Railroad Company, in the two consolidated cases were dismissed.
Dunson appealed contesting the sufficiency of the award. GATX appealed contesting the sufficiency of proof of its liability. Several other parties perfected protective appeals.
The issues are:
(1)' Sufficiency of proof against General American Transportation Company;
(2) Strict liability of Triad Chemical;
(3) Quantum.
We affirm.
Car Number 30764, a tank car, was man-, ufactured in 1964 by General American Transportation Company, commonly identified by the acronym GATX. It was leased to Dow Chemical Company until early 1975 for transporting vinyl chloride. Admittedly, it was derailed in 1973 and was “cornered” in 1975 while still leased to Dow. Penn Central Railroad made the repairs in 1973. GATX repaired the car in December 1974 and changed its rated capacity. In late February, 1975, repairs were made by GATX at its mini shop located at Dow. After the car’s release by Dow, it was leased to International Minerals & Chemicals Corporation. Missouri Pacific Railroad Company transferred the car to the grounds of Mississippi Chemical Company and First Mississippi Corporation engaged in a joint venture in the name of Triad Chemical. While the car was being loaded with anhydrous ammonia on the night of March 6, 1975, it ruptured and spilled about 70 tons of the chemical.
Plaintiff, employed as a bargeman and engaged in loading anhydrous ammonia at the dock of an adjoining plant, smelled gas but thought only of a small leak on the barges loaded by him. When he realized the magnitude of the exposure it was too late to avoid being exposed for seven or eight minutes. He suffered and was treated for immediate injuries. He alleges permanent physical injuries. He sued the parties named and these filed multiple third party claims against each other.
In the consolidated suit, Triad Chemical claimed damage to its equipment.
After the accident, wheel marks were found on Tank Car 30764 in the vicinity of the rupture. At the trial there were some expressions of opinion that these resulted in an increase in the stress factor that caused the rupture when the car was being filled at low temperature and high pressure.
GATX points to the repairs and inspections of the car made in December, 1974 and late February, 1975 and urges the conclusion that it has breached no duties. It points to the duty of the railroad and of the lessees to inspect and argues that the other *225 parties must have been negligent and so responsible. It asserts that the damage to the car must have occurred in the transfer from Dow to Triad.
To controvert those conclusions, the plaintiff and other parties point to the scar in the metal of the tank car and to the opinions of some of the experts that the rust and corrosion indicated that the wheel marks were not of recent origin and should have been detected by GATX.
Under these facts, the trial court evidently concluded[1] that GATX had breached its duties, either in general or under C.C. Arts. 2695 [2] and 2693; [3] that the other parties had not assumed these duties by lease contract or by virtue of the customs of the industry or by American Railroad rules or Federal regulations; and that the other defendants and third party defendants had not breached any duties to the plaintiffs causing damage to them.
GATX and Dunson assert that Triad should be cast for all or at least part of the damages under the strict liability theory as in Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133. A defense to this strict liability is that the damage was caused by the fault of the plaintiff or of a third person, not the use, even non-negligent, by the owner. See Morales v. Houston Fire and Casualty Co., Inc., 342 So.2d 1248 (La.App. 4th Cir. 1977), writ refused 345 So.2d 49 (La.1977). Here the lower court found fault in a third person— GATX.
We have found in the record sufficient evidence to support the conclusions of the trial court.
Both Dunson and GATX appealed on the question on the amount of the award. While the medical testimony is somewhat contradictory and the evidence as to the effect upon Dunson’s ability to work and his general health conditions are not entirely conclusive, nevertheless, there is evidence in the record to support the award by the court.
We therefore affirm at the cost of all appellants.
AFFIRMED.

. The court assigned no reasons.

. C.C. Art. 2695
“The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor should be bound to indemnify him for the same.”

.C.C. Art. 2693
“The lessor is bound to deliver the thing in good condition, and free from any repairs. He ought to make, during the continuance of the lease, all the repairs which may accidentally become necessary; except those which the tenant is bound to make, as hereafter directed.”