394 So.2d 633 (1980)
Wilbert BLANCHARD
v.
Vincent J. SOTILE et al.
No. 13816.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
Rehearing Denied February 11, 1981.
Risley C. Triche, Napoleonville, for Wilbert Blanchard.
Richard G. Creed, Jr., Baton Rouge, for Vincent J. Sotile and Louisiana Ins. Guaranty Ass'n.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
Defendants, Vincent J. Sotile and Louisiana Insurance Guaranty Association,[1] have appealed the judgment of the District Court in favor of plaintiff, Wilbert J. Blanchard, for damages in the amount of $49,200.00, with the liability of the insurer limited to $4,000.00, sustained in a restaurant *634 fire. The plaintiff has answered the appeal, seeking an increase in the damages awarded to the sum of $100,000.00, and an increase in the award against the insurer to the amount of $5,000.00. The primary issue on appeal is whether the trial court manifestly erred in concluding that plaintiff had proved the fire was caused by the negligence of Sotile.[2]
During the early morning hours of April 25,1977, a fire occurred in a building owned by Blanchard, located in Pierre Part, Louisiana. The building was leased to Vincent J. Sotile; and at the time of the fire it was being used by the lessee as a restaurant, known as Vince's Restaurant. It was being operated by Sotile, and was open for business only four days a week, on each Thursday, Friday, Saturday and Sunday. It remained closed the other three days of the week unless Sotile had a special banquet. The fire which gave rise to this suit occurred on a Monday morning. The building was closed and unoccupied when the fire started. The restaurant had been closed since 11:00 P.M. on Sunday night, April 24. After locking up the premises, Sotile went to his home in Baton Rouge, where he was when he learned of the fire. Passersby discovered the fire at about 6:00 A.M. on April 25, 1977, and the Pierre Part volunteer fire department was called; however, the fire had progressed to such an extent that it was beyond control and the building and its contents were substantially, if not totally, destroyed.
After the fire, the State Fire Marshal's office made an investigation and concluded that the fire had started on the north wall of the kitchen. This investigation ruled out arson as a cause; however, that office was unable to determine its specific cause.
Concerning the testimony of the expert witnesses, there is a direct conflict of opinion. Defendant's expert, Joseph E. Leinimger, a consulting engineer in the fields of electrical and mechanical engineering, testified relative to the fuse boxes and the Hotpoint deep fat fryer which were in the restaurant at the time of the fire. Mr. Leinimger did not visit the scene, but based his opinion on depositions taken in the case, photographs and an inspection of the switch of the fryer. He ruled out the fuse boxes as a possible cause. Mr. Leinimger said that from his inspection of the switch, he was unable to tell whether the electric current was passing through at the time of the fire so as to conclude the switch was in the on or off position. From his investigation he was unable to form an opinion as to the fire's cause.
As opposed to Leinimger's testimony, Leonard C. Adams, Ph.D., a professor in the department of electrical engineering at L.S.U., testified on the basis of a visit to the scene of the fire on April 30, the Saturday following the fire, an examination of the fuse boxes and the deep fat fryer. Dr. Adams expressed the opinion that the fire started on the north wall of the kitchen of the restaurant where the cooking apparatus was located. He identified the oil or grease as too low in the pan, which was a potential source of the fire. The internal component parts of the switch were so badly damaged that it was impossible to tell how the switch on the fryer operated. He stated that the external conductor gave some evidence that it had been energized at the time of combustion, indicating that the fryer was operating. It was Dr. Adams' opinion that the most probable cause of the fire was that the deep fat fryer was left on; and when the temperature of the cooking fat reached the flash point, the fire started. He expressed the view that "an absolute identification of the technical origin of the fire is not possible." He further noted that he could not identify the specific mechanism; however, he considered the fryer as "a very probable cause." Thus, there is in the record only one expression of an opinion as to the cause *635 of the fire, that by the plaintiff's expert. The record does not reflect that he made any electrical or mechanical tests, but that his opinion was mainly based on his visual examination of the fryer switch. There was other evidence suggesting other reasonable hypotheses, that the refrigerator unit may have been defective, water from rain could have leaked down the light fixtures, that there may have been a power failure or a sudden power surge. None of these hypotheses involves negligence on the part of Sotile.
Sotile testified to the high degree of care he took with respect to the turning off of the deep fat fryers. In addition, he testified that he closed the restaurant Sunday nights and did not usually reopen until Thursday. Therefore, it was common practice to clean the deep fat fryers before closing on Sundays. Although Sotile did not remember that he actually turned off the fryer on that particular occasion, he did testify that he followed the same procedure for checking the fryers at closing time. Without mishap, he had followed this same procedure all during the time that he operated the restaurant.
The case at bar turns on the question of burden of proof, and involves a determination of whether the evidence as a whole establishes that the fire, more probably than not, was caused by the fault of the defendant, Vincent J. Sotile.
The general rule is that negligence is not presumed, and the burden of proving negligence by a preponderance of the evidence rests on the party alleging it. The proof of negligence may be by direct or circumstantial evidence; however, a party relying upon circumstantial evidence has borne his burden of proof only if the evidence taken as a whole shows that the defendant's fault was the most plausible cause of the fire and no other factor can as reasonably be ascribed as the cause. The probability of the fire having been caused by the defendant's fault must preponderate over the probability of causation from any other factor. Myers v. Morrow, 367 So.2d 1297 (La.App. 4 Cir. 1979); Romero v. Butcher Air Conditioning Company, 255 So.2d 132 (La.App. 3 Cir. 1971).
As the Court stated in Morales v. Houston Fire and Casualty Company, Inc., 342 So.2d 1248, 1250 (La.App. 4 Cir. 1977), writ denied, 345 So.2d 49 (La.1977):
"Although the circumstances surrounding the occurrence of a fire may give rise to an inference that a particular defendant was negligent, that negligence is not presumed from the mere happening of the fire, because there can be many causes of fires. The determination of preponderance depends on whether the evidence taken as a whole shows that the particular defendant's negligence was the most plausible or likely cause of the fire."
We conclude that plaintiff has failed to prove by a preponderance of the evidence that Sotile's negligence caused the fire and resulting damages. It is only by showing sufficient circumstances, raising inferences of defendant's negligent causation to outweigh other reasonable explanations, that a plaintiff bears his burden of proof in a fire loss. The plaintiff herein has failed to sustain that burden. See Milano v. American Rent-All, Inc., 310 So.2d 146 (La.App. 4 Cir. 1975), writ denied 313 So.2d 599 (La.1975); Romero v. Butcher Air Conditioning Company, supra. While there is circumstantial evidence from which one could reasonably conclude that the fire was caused by the defendant's employees leaving the deep fat fryer's switch turned on, there is a considerable amount of circumstantial evidence from which one could just as reasonably conclude that the fire was not caused by any fault attributable to the defendant. In fact, the preponderance of the evidence is to the effect that because of the nature and extensiveness of the damage, a specific cause of the fire could not reasonably be determined.
For the foregoing reasons, we reverse the judgment of the District Court and dismiss plaintiff's demand against the defendants. The plaintiff-appellee is cast for all costs.
REVERSED.
NOTES
[1] Sotile was insured by Reserve Insurance Company, which was named as a party defendant. When that company became insolvent, Louisiana Insurance Guaranty Association was substituted as a party defendant and assumed the defense of the suit.
[2] The doctrine of res ipsa loquitur, although briefly referred to in appellee's brief, was not ruled upon by the lower court. This doctrine may not be invoked where it can reasonably be concluded that the damage resulted from circumstances not involving negligence on the part of the defendant. See Romero v. Butcher Air Conditioning Company, 255 So.2d 132 (La. App. 3 Cir. 1971).