EDWARDS, Judge.
This case involves a determination of the cause of a fire which occurred at LaBelle Fontaine Apartments in Baton Rouge, Louisiana. Appellant, Standard Fire Insurance Co., sued M. L. Mapes seeking to recover $24,632.41 which it paid to its insured as a result of the fire damage. The district court granted defendant’s motion for a directed verdict and dismissed plaintiff’s suit. Plaintiff appeals. We affirm.
Standard was the insurer of LaBelle Fon-taine Apartments under a policy which covered loss due to fire. Defendant, M. L. Mapes, rented an apartment for use as a business office. He often slept at the apartment and allowed others to do the same. On the day of the fire, however, Mapes was alone at the apartment.
On October 12, 1977, sometime prior to 6:00 p. m., Mapes started a fire in the apartment’s fireplace and sometime thereafter added additional logs to the fire. Mapes did not recall how he positioned the logs in the fireplace. At about 9:45 p. m. Mapes received a phone call from an associate and went to meet him at a local restaurant. At approximately 10:45 p. m. the apartment complex manager, Jeffery Gregory, discovered that Mapes’ apartment was on fire. The fire department was called, came and put out the fire.
Standard paid its insured $24,632.41 to cover the damage from the fire and was subrogated to any. claims which the insured might have. Standard then filed suit against Mapes, alleging negligence. In his answer, the defendant generally denied the allegations of plaintiff’s petition. At the close of plaintiff’s case, the defendant moved for a directed verdict.’
The trial court granted defendant’s motion for a directed verdict and rendered judgment dismissing plaintiff’s action. In his oral reasons for judgment, the trial judge noted that “it is incumbent upon plaintiff or petitioner in such a case to preclude all other hypothets (sic) that might have taken place that caused the fire to have occurred.” The court then held that plaintiff had failed to make such proof by a preponderance of the evidence.
Standard asserts that the district court erred in holding that it did not prove by a preponderance of the evidence that the fire started as a result of a log in the unattended fireplace falling forward and setting fire to the surrounding paneling.
We have carefully reviewed the record. There is no doubt that plaintiff established by a preponderance of the evidence that the apartment fire spread from the fireplace area. Jeffery Gregory, the apartment complex manager, was the first person on the scene when he entered Mapes’ apartment to attempt to extinguish the fire. Gregory testified that the fireplace paneling was burned out in an inverted “V” formation and that a log was standing up leaning toward the front of the fireplace but still within the firebox. Additionally, two expert witnesses testified at trial that the fire started in the fireplace area.
*458 In Blanchard v. Sotile, 394 So.2d 633 (La.App. 1st Cir. 1981), this court was presented with a similar issue — determining the cause of a fire. The court in Blanchard made the following observation:
“The general rule is that negligence is not presumed, and the burden of proving negligence by a preponderance of the evidence rests on the party alleging it. The proof of negligence may be by direct or circumstantial evidence; however, a party relying upon circumstantial evidence has borne his burden of proof only if the evidence taken as a whole shows that the defendant’s fault was the most plausible cause of the fire and no other factor can as reasonably be ascribed as the cause. The probability of the fire having been caused by the defendant’s fault must preponderate over the probability of causation from any other factor. Myers v. Morrow, 367 So.2d 1297 (La.App. 4 Cir. 1979); Romero v. Butcher Air Conditioning Company, 255 So.2d 132 (La.App. 3 Cir. 1971).
“As the Court started in Morales v. Houston Fire and Casualty Company, Inc., 342 So.2d 1248, 1250 (La.App. 4 Cir. 1977), writ denied, 345 So.2d 49 (La.1977):
‘Although the circumstances surrounding the occurrence of a fire may give rise to an inference that a particular defendant was negligent, that negligence is not presumed from the mere happening of the fire, because there can be many causes of fires. The determination of preponderance depends on whether the evidence taken as a whole shows that the particular defendant’s negligence was the most plausible or likely cause of the fire.’ ”
In the instant case, the trial court determined that plaintiff did not establish that the defendant’s conduct was the most plausible cause of the fire. Such a finding is a finding of fact which may not be disturbed absent a finding of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
After a thorough review of the record, we are unable to say that the trial court was manifestly erroneous. Plaintiff’s own witness, Richard Green, an insurance adjustor, admitted that there was a possibility that the fire could have started at the top of the fireplace rather than in the firebox. J. D. Parsons, a deputy chief with the Baton Rouge Fire Department, testified that the fire could have started in a number of ways other than from the leaning log.
Even more importantly, however, is the testimony which indicates that plaintiff failed to exclude the possibility that the fire was caused by a defect in design and construction of the fireplace. Jeffery Gregory testified that the wood paneling over the fireplace was only about IV2 inches away from the edge of the firebox. Willard Du-gas, who was qualified at trial as an expert in the field of installation and maintenance of fireplaces, testified that if the wood paneling came that close to the fireplace, it constituted an “unsafe installation.” Furthermore, it is important to note Jeffery Gregory’s testimony that the “leaning log,” which plaintiff asserts was the cause of the fire, was within the confines of the firebox.
In light of this evidence the trial court could have concluded that defective installation of the fireplace was an equally plausible cause of the fire. Concluding that Mapes was not negligent was not clearly wrong.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of 'this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. The trial was conducted before a judge alone. Thus, what both parties refer to as a “motion for directed verdict” is more properly referred to as a “motion for dismissal of the action.” See LSA-C.C.P. art. 1810.