630 So.2d 1353 (1994)
AETNA LIFE AND CASUALTY COMPANY, Plaintiff-Appellant-Appellee,
v.
Allan SOLLOWAY and State Farm Mutual Insurance Company, et al., Defendants-Appellees-Appellants.
No. 25462-CA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
Rehearing Denied February 17, 1994.
*1354 Theus, Grisham, Davis & Leigh by Thomas G. Zentner, Jr., Monroe, for Aetna Life and Cas. Co.
Hayes, Harkey, Smith, Cascio & Mullens by Charles S. Smith, Monroe, for Allan Solloway.
Hudson, Potts & Bernstein by Jan P. Christiansen, Monroe, for State Farm Fire & Cas. Ins. Co.
Walter C. Dunn, Monroe, for Daniel Smith.
Arbour & Aycock by Larry Arbour, West Monroe, for Allstate Ins. Co.
Before LINDSAY, BROWN and STEWART, JJ.
*1355 STEWART, Judge.
This subrogation case arises from a fire which occurred at a house owned by Frederick Reichenbach in Monroe. Daniel Glenn Smith was taking care of the house and had the use of it. Allan Solloway stayed in the house the night of the fire. Reichenbach's house and its contents were insured by the main plaintiff, Aetna Life and Casualty. Aetna paid Reichenbach for his damages, obtained a subrogation agreement, and filed suit against Solloway and Smith. Aetna also sued State Farm, the insurer of Solloway's parents, and Allstate which was the insurer of Smith's parents. State Farm and Allstate denied coverage under the homeowners' policies issued to the parents of Solloway and Smith.
The jury found Solloway and Smith negligent in causing the fire. The trial court found that neither was covered by his parents' insurance policy.
Aetna, Smith, and Solloway each appeal various factual determinations made by the jury, as well as the trial court's ruling on insurance coverage. Smith and Solloway also appeal the jury's determination that they were at fault. Accordingly, fault and coverage are the two main issues presented herein. We reverse the jury's fault determination, thus rendering moot the issue of coverage.

FACTS
On April 24, 1988, during the early morning hours between approximately 3:00 a.m. and 5:00 a.m., a fire occurred at 127 Jerald Street, Monroe, Louisiana. This property was owned by Frederick Reichenbach. Plaintiff, Aetna Life and Casualty Company, filed suit against (1) Allan Solloway and his parents' insurer, State Farm Fire and Casualty Insurance Company and (2) Daniel Glenn Smith and his parents' insurer, Allstate Insurance Company, to recover the amount it paid Reichenbach for damages arising from the fire. Aetna alleges that Allan Solloway and Daniel Glenn Smith were negligent in lighting, and/or failing to properly supervise the burning candle which set the residence afire.
After trial, a 12-person jury returned a verdict in favor of plaintiff, finding defendant, Solloway, 30 percent at fault and defendant, Smith, 70 percent at fault. Via a set of interrogatories, the jury specifically found that Solloway and Smith were each "negligent in lighting and/or failing to extinguish a candle at 127 Jerald Street, Monroe, Louisiana on April 24, 1988 and that this caused the fire." The jury also found that Smith "was negligent in any other of his acts or omissions (other than lighting and/or failing to extinguish a candle) and which negligence caused the fire."
On the question of coverage, the trial court held that neither Solloway nor Smith was covered for this fire under the provisions of the homeowners' policy issued to his respective parents. Each policy contains an exclusion which the trial court ruled was applicable to the instant facts.
Aetna appeals the jury's factual finding that Solloway was not a resident of his parents' household at the time of the fire. Aetna also appeals the trial court's ruling on issue of coverage as to both Smith and Solloway. Daniel Glenn Smith and Allan Solloway each appeal the issue of liability of his own liability, as well as the trial court's ruling on the coverage issue.

LEGAL PRINCIPLES
As a general proposition, the determination of liability in a negligence case usually requires proof of five separate elements. Wilson v. Dept. of Public Safety & Corrections, 576 So.2d 490, 493 (La.1991). Among these elements are proof that (1) a defendant has breached his duty to conform his conduct to a specific duty, (2) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, and (3) the defendant's conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element). Fowler v. Roberts, 556 So.2d 1, 4-5 (La.1989) (citation omitted).
In general, negligence is not presumed, and the burden of proving negligence by a preponderance of the evidence rests on the party alleging it. Blanchard v. Sotile, 394 So.2d 633, 635 (La.App. 1st Cir.1980), *1356 writ denied, 399 So.2d 601 (La.1981). The plaintiff bears the burden of proving his case by a preponderance of the evidence. Proof by direct or circumstantial evidence is sufficient to constitute a preponderance of the evidence when, taken as a whole, such proof shows that the fact or causation sought to be proved is more probable than not. Boudreaux v. American Insurance Co., 262 La. 721, 264 So.2d 621, 627 (1972) (citations omitted). The determination of preponderance depends on whether the evidence taken as a whole shows that the particular defendant's negligence was the most plausible or likely cause of the fire. Morales v. Houston Fire and Casualty Co., Inc., 342 So.2d 1248, 1250 (La.App. 4th Cir.1977), writ denied, 345 So.2d 49 (La.1977).
A party relying upon circumstantial evidence has borne his burden of proof only if the evidence taken as a whole shows that the defendant's fault was the most plausible cause of the fire and no other factor can as reasonably be ascribed as the cause. The probability of the fire having been caused by the defendant's fault must preponderate over the probability of causation from any other factor. Blanchard, supra. It is only by showing sufficient circumstances, raising inferences of defendant's negligent causation to outweigh other reasonable explanations, that a plaintiff bears his burden of proof in a fire loss. Blanchard, supra, at 635. The mere occurrence of a fire does not justify the inference of negligence because fires may occur from many separate and distinct causes. Toussant v. Guice, 414 So.2d 850, 854 (La.App. 4th Cir.1992); Barber v. Books, Etc., Inc., 316 So.2d 154 (La.App. 4th Cir. 1975), affirmed, 320 So.2d 559 (La.1975); Morales, supra.
Factual determinations, and findings of the respective percentages of fault, are entitled to great weight, and this court may not overturn those findings unless its review of the record reveals that the determinations are clearly wrong, manifestly erroneous. See Devereaux v. Allstate Ins. Co., 557 So.2d 1091, 1095 (La.App. 2d Cir.1990) and Economy Auto Salvage v. Allstate Ins. Co., 499 So.2d 963, 970 (La.App. 3d Cir.1986), writ denied, 501 So.2d 199 (La.1986).
Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State of Louisiana, through the Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). The trier of fact has a duty to reconcile conflicting versions of the testimony. Where there are two or more defendants, the adjudicative function is not fulfilled when the trier of fact calls the case a draw simply because somebody has to be at fault: one or both defendants could be innocent. See Michel v. State Farm Mutual Automobile Ins. Co., 314 So.2d 535, 540-541 (La.App. 1st Cir.1975), and cases cited therein.

DISCUSSION
Smith and Solloway each assign as error the jury's finding that he "was negligent in lighting and/or failing to extinguish a candle, and that the candle caused the fire which is the subject of this lawsuit." Smith challenges the factual finding made by the jury that an act or omission on his part caused the fire. Smith asserts that there was no act or omission on his part which constituted a cause-in-fact of the property damage. Smith and Solloway testified, without contradiction, that they did not see any candle lit in this bedroom on the night of the fire. Solloway adopts Smith's argument that Aetna failed to prove causation of the fire and asserts that this argument applies equally to Solloway.
The determination of whether the fire began from a lighted candle and whether it was set by one of the defendants, Smith and Solloway, are separate factual questions. We have carefully considered the argument of both Smith and Solloway as to the jury's finding of fault, and conclude that it has merit. The uncontroverted evidence establishes the following:
Daniel Glenn Smith and William Patrick Hocutt checked on Reichenbach's house a couple of times a week. They both had keys, as well as access without a key through a defective carport window. Richard Allan Solloway stayed there with Smith's and Reichenbach's *1357 permission. There were candles throughout the house. Smith, Solloway, and Hocutt lit these candles from time to time. The fire started in the middle bedroom which was on the front of the house. Solloway, who was spending the night there with a female friend, discovered the blaze. Both Solloway and his friend got out of the burning house.
Smith was not in the house when Solloway discovered the fire. The only people in the house at that time were Solloway and his friend. Smith was asleep in his parents house when Solloway called to tell Smith about the fire. Smith and Solloway each testified that the other said he lit a candle in the middle, or front, bedroom on the night of the fire. However, at trial each denied having made such a statement to the other, having seen a lit candle, or having lit a candle in the bedroom that night.
We now turn to the facts which are controverted.
If Solloway's testimony is believed, candles were burned in the living room the morning of the fire and Smith was present with the burning candles when Solloway and his friend went to bed. However, Solloway's testimony is that the fire began in the middle bedroom. He observed fire on the carpet and on the walls up to the ceiling in the middle bedroom. Solloway further testified that he exited the house through the living room, where he observed that the previously lit candles had been extinguished.
When the fire department arrived and questioned Solloway, he speculated that the fire was caused by an unattended candle. However, he saw no lit candle in the middle bedroom at all that night, and saw no lit candle in the living room as he left the burning house. Solloway testified that, a couple of days after the fire, Smith said he had lit a candle in the middle bedroom. If believed by the jury, this evidence shows only Solloway's uncorroborated statement that Smith said he lit a candle in the middle bedroom.
If Smith's testimony is believed, then Smith was not present when Solloway and his friend arrived at the house that night. Smith testified that he did not light any candles while he was there and he did not see any lit candles in the house that night. He denied both having lit a candle in that bedroom and having said he did so. Smith further testified that Solloway said he lit the candle that started the fire and that Solloway apologized to Reichenbach for what had happened. Smith and his sister, Diane Smith, testified that Smith had been at his parents house for a few hours and was asleep there when Solloway called to tell him about the fire.
William Patrick Hocutt, a friend of Smith and Reichenbach, testified that he had a key to the house and that he also checked on the house once or twice a week. Hocutt testified that Solloway said he had lit a candle and had fallen asleep with the candle burning. Hocutt did not say where this burning candle was located. Solloway testified that he went to sleep with the candles burning in the living room where Smith was. Smith testified that he was not there but that Solloway said he lit the candle that burned the house. Thus, except for Solloway's assertion that he blew out all the candles he had lit, Hocutt's testimony contradicts neither Smith's nor Solloway's version.
There was no investigation or other objective finding of what did or could have caused the fire. The testimony of Captain James R. Stewart of the Ouachita Fire Department indicated that, when the fire department personnel arrived, most of the fire came from the window of the middle bedroom. This corroborates Solloway's description of where he saw the fire on his way out of the house. Beyond this evidence of where the fire started, and the presence of a candle in that middle bedroom, there is nothing which shows the fire's origin, other than uncorroborated finger pointing between Smith and Solloway. See and compare, State Farm Fire & Casualty Co. v. Drost, 330 So.2d 393 (La.App. 3d Cir.1976).
At the time of trial, the whereabouts of Solloway's female friend were unknown. Nothing is mentioned about her during trial, except that she was in the house when Solloway discovered the fire and that Solloway had little or no contact with her after the weekend of the fire.
*1358 No one testified that they knew what caused this fire. Solloway testified that he had no idea what caused the fire and that his statement to fire department personnel, that an unattended candle may have caused the fire, was mere speculation on his part. Smith testified that he only knew what Solloway told him about the origin of the fire. Thus, there was no direct evidence presented about the cause of the fire, and no circumstances other than (1) the presence of a candle in the middle bedroom, (2) the statement of either Smith or Solloway that the other said he lit a candle in that bedroom, and (3) the fire itself, from which one could infer that the fire started from a burning candle.
In the absence of any investigation or physical evidence, one could just as reasonably conclude that the origin of the fire was electrical, or that Solloway's female friend had lit the candle. Although a rational factfinder could conclude that the fire was started by a candle, there is insufficient evidence to show who lit such candle. Thus, the preponderance of the evidence is that the fire may have been caused by a burning candle, but that no specific person can be reasonably identified as having lit the candle.
Though there are various contentions, this evidence does not give rise to a permissible view of the evidence from which a rational trier of fact could conclude that two people were at fault. Unaided by expert testimony, the jury was called upon to unravel a web of conflicting testimony. The answers to the interrogatories indicate that the jury accepted and discredited portions of the testimony of Smith and Solloway. If the jury believed that Solloway lit the candle, then its allocation of fault to Smith is inconsistent. Likewise, the jury's allocation of fault to Solloway is inconsistent with a determination that Smith lit the candle. Thus, we find that there is no permissible view of the evidence which results in an allocation of fault to both Smith and Solloway. Faced with conflicting facts, the trier of fact is required to resolve the evidence and to determine which version of the facts is credible. The jury apportioned fault in a situation where the fault of either person, Smith or Solloway, appears to be mutually exclusive from the fault of the other.
It is difficult to see how the jury could conclude factually that each of these men bore a proportionate share of fault in causing the fire. There's no expert testimony, documentary or other evidence which supports the jury's finding in this regard. On these facts, one must view the evidence in a light which points either toward Smith or toward Solloway. The jury's determination that both were at fault indicates that it was unable to determine, factually, who caused the fire.
Given the gross conflict in the testimony, we can only surmise that the jury made an "intellectual leap" from the facts to the law and reasoned that Smith, who was left in charge of the place, and Solloway who stayed there that night, both knew or should have known that candles were being burned there. It appears that the jury allocated percentages of fault based upon the degree of connexity each party had to the structure. Smith (70%), having been placed "in charge" by Reichenbach, had a closer connection to the house than did Solloway (30%), and therefore deserved a larger percentage of the allocation. Therefore, it appears that each was cast at fault in proportion to his relation to the house. Such a determination is tantamount to an error of law, rather than a resolution of the conflicting facts.
Allocation of fault is a factual determination. The undisputed facts are insufficient to form the basis for a factual finding of negligence on the part of either Smith or Solloway. The remaining evidence does not provide the jury enough information to determine who caused the fire. The jury must apportion fault based on a factual determination, not based upon a determination of the legal status of each defendant, vis-a-vis the destroyed property. To the extent that the jury allocated fault based upon other than factual determinations, discernable from the record, the jury erred.
There is evidence that Smith and Solloway each believed the other had started the fire, but not that one of them must have done so. There is evidence of record to support a finding that the house burned down as a result of some kind of negligence, candles or otherwise. The jury was faced with at least two permissible views of the evidence. However, *1359 the jury did not choose between the permissible views. Whether this failure to choose was due to the sparsity of the evidence, or for some other reason, it is manifestly erroneous, clearly wrong.
We conclude that the jury's findings are not reasonable in light of the record reviewed in its entirety. Our review reveals that plaintiff, Aetna, has failed to prove by a preponderance of the evidence that either Smith or Solloway's negligence caused the fire and resulting damages. Thus, we find there is insufficient evidence to support the jury's fault determination. Accordingly, we reverse the jury's verdict which found in favor of Aetna and render judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of defendants, Richard Allan Solloway, Allstate Insurance Company, Daniel Glenn Smith, and State Farm Fire and Casualty Company, and against plaintiff, Aetna Life and Casualty Company.
Our disposition renders moot the issue of coverage. Costs of this appeal are assessed against plaintiff.
REVERSED AND RENDERED.

APPLICATION FOR REHEARING
Before LINDSAY, VICTORY, BROWN, STEWART and WILLIAMS, JJ.
Rehearing denied.