IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 00-30189

———

CONTINENTAL CASUALTY CO.

Plaintiff - Appellant,

v.

CITY OF LAKE CHARLES;

Defendants,

CITY OF LAKE CHARLES; FIBER MASTER INC.,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of New Louisiana, Lake Charles
(95-CV-755)

April 26, 2001

Before: KING, Chief Judge, ALDISERT[*] and BENAVIDES, Circuit Judges.

PER CURIAM:[**]

We must decide whether the district court erred in granting summary judgment in favor of

Fiber Master, Inc. and the City of Lake Charles, Louisiana. Continental Casualty insured a

dwelling in which two fires occurred in one night. The first fire destroyed a bedroom in the house

and then, a few hours later, a second fire broke out that destroyed the entire house. Continental

———

[*]Circuit Judge of the Third Circuit, sitting by designation.

[**] Pursuant to 5th Cir. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4

sued Fiber Master alleging that the insulation that they manufactured, and that had been blown into the ceilings of each floor, was defective. Continental also sued the City alleging that the firefighters who attended to the first fire should have been on notice that further salvage and overhaul procedures were required and that, if they had performed these procedures, the second fire would not have occurred. In this diversity case, Louisiana substantive law controls. We affirm.

The district court had jurisdiction pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds $75,000 and is between citizens of Louisiana and another state. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

Because we are writing for the parties who are familiar with the facts and procedural history in the district court, we will discuss only the legal issues presented before us and the material facts relating thereto.

## I.

On December 6, 1994, at around 10:30 p.m., a fire started in Amanda Noland's bedroom after she accidentally knocked over a candle while removing fingernail polish and talking to her boyfriend on the phone. The fire started on the bedside table and spread to the bed and curtains. The fire department arrived and was able to extinguish the flames. A second fire was discovered around 4:00 a.m. the next morning and the fire department again was called to extinguish the blaze. This fire caused extensive damage. Continental was the fire insurance carrier that paid the claims and it filed a Complaint on April 27, 1995 against the City and Fiber Master seeking contribution and/or indemnification from both defendants.

In its Complaint, Continental alleged that the cellulose insulation manufactured by Fiber Master, which was used in the ceilings, was defective. Continental presented evidence that cellulose insulation sometimes has a "tunneling" effect, which means that once a fire or flame starts to smolder, the insulation will burn in the direction of the insulation where the fire retardant has burned. According to Continental, this is how the second fire started.

Continental alleged that the City was negligent in its treatment of the fire, contending that the fire department failed to perform proper salvage and overhaul procedures. Continental contends that the fire department should have opened the ceiling and walls of Ms. Noland's bedroom to check for fire extensions. Continental argues also that the smoke should have been completely cleared from the area before the firemen left, or, at the very least, a fire watch should have been left.

The district court granted summary judgment in favor of both parties.

A court of appeals reviews a grant of summary judgment applying the same standard as the court below. Deas v. River West, L.P., 152 F.3d 471 (5th Cir. 1998). "Summary judgment is properly granted if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986) (quoting Rule 56(c), Federal Rules of Civil Procedure). If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to set forth specific facts showing the existence of such an issue for trial. Rule 56(e), Federal Rules of Civil Procedure. In reviewing the district court's grant of summary judgment, a court of appeals must view the evidence in the light most favorable to the opponent

3

of the motion and determine whether any genuine issue of material facts exists. Brock v. Republic Airlines Inc., 776 F.2d 523 (5th Cir. 1985).

## II.

We conclude that summary judgment in favor of Fiber Master was proper because Continental did not meet its burden of proving that the manufacturer's cellulose insulation was defective or that it caused the fire. Continental bears the burden of proving, by a preponderance of the evidence, that the Fiber Master insulation in the Noland home was "unreasonably dangerous" because it contained a defect in construction, composition or design; because it lacked an adequate warning; or because it did not conform to an express warranty. See LA. REV. STAT. ANN. § 9:2800.54(B) (1997); Pickett v. RTS Helicopter, 128 F.3d 925, 928 (5th Cir. 1997). Continental argues that there was sufficient evidence that Fiber Master's cellulose insulation was unreasonably dangerous to survive summary judgment.

Construction or composition defects require a deviation in a material way from the manufacturer's specifications or performance standards. LA. REV. STAT. ANN. § 9:2800.55. For a product to be unreasonably dangerous in design at the time the product left the manufacturer, two things are required: "(1) [t]here existed an alternative design for the product that was capable of preventing the claimant's damage; and (2) [t]he likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product." LA. REV. STAT. ANN. § 9:2800.56. An adequate warning is required if it is

4

dangerous beyond what would be contemplated by the ordinary user or handler of the product. LA. REV. STAT. ANN. § 9:2800.57. Finally, a product is unreasonably dangerous if it does not conform to an express warranty made at the time of the manufacture. LA. REV. STAT. ANN. § 9:2800.58.

## A.

Continental did not provide any evidence that Fiber Master's insulation materially deviated from the manufacturer's specifications or performance. One of their experts admitted that Fiber Master's insulation conforms to the product specifications and was not able to produce evidence of a defect or an alternative design. Its cause and origin expert, Daniel Snow, admitted that he personally did not know of any defect in the manufacture of Fiber Master's cellulose insulation. Furthermore, the governmental and industry standards were all met by Fiber Master. No other alternative design appears to be available, and Continental has not shown a need for an alternative design. Cellulose insulation is an excellent insulator and is fire retardant, meaning that it is treated with a chemical that makes it harder for the insulation to burn. The insulation will not burn unless it reaches a temperature between 400 and 500 degrees Fahrenheit, which causes the chemicals that prevent burning to melt. No evidence supports Continental's contention that the cellulose insulation was unreasonably dangerous in design.

## B.

Continental failed also to demonstrate that there was an inadequate warning because they failed to show a defect which requires a warning. Fiber Master has never represented that the

5

product is fire proof, only that it is fire retardant. A consumer should know that at some high temperature, a fire retardant product might burn. Therefore, no additional warning is required. Fiber Master's product appears to have conformed to every express warranty made by the manufacturer.

C.

Even if Continental had met its burden on these issues, it could not prove by a preponderance of the evidence that cellulose insulation was the actual cause of the second fire. "Proof by direct or circumstantial evidence is sufficient to constitute a preponderance of the evidence when, taken as a whole, such proof shows that the fact or causation sought to be proved is more probable than not." Aetna v. Safeway, 630 So.2d 1353, 1356 (La. Ct. App. 1994). Plaintiffs have not demonstrated that it is more probable than not that the cause of the second fire was cellulose insulation. The cause of a fire can be proved through circumstantial evidence if the plaintiff can rule out all other reasonable hypotheses for the causes of the fire. Id.; Valiant Ins. Co. v. Lafayette, 574 So.2d 505, 508 (La. Ct. App. 1991).

We have examined the reports of the experts and conclude that they did not rule out electrical or intentional causes of the fire which were reasonably possible and were not able to demonstrate that the cellullose insulation smoldered or that it caused the second fire. Even if we assume that the fire was caused by cellulose insulation, Continental was unable to prove by a preponderance of the evidence that it was the insulation made by Fiber Master, which was contained only in the ceiling, and not that of Cen-Tex, which was contained in the walls of the house.

D.

6

Continental alleged also in its Complaint that the defects in Fiber Master's product were redhibitory in nature. A redhibitory defect is one that renders the thing useless, or its use is so inconvenient that it must be presumed that a buyer would not have bought the thing had he known about the defect. LA. CIV. CODE ANN. ART. § 2520. A seller warrants the buyer against redhibitory defects in the item sold. Id. In the case at bar, Continental has presented no evidence that Fiber Master's product was useless or inconvenient to use. As discussed above, Continental was unable to show by a preponderance of the evidence that there was any defect or problem. There can be no claim for damages under the redhibition theory.

Continental cannot prove by a preponderance of the evidence that Fiber Master's product was defective or that it was the cause of the second fire. The district court's grant of summary judgment in favor of Fiber Master on all issues of liability and on the redhibition claim was proper.

III.

We conclude also that the district court's grant of summary judgment in favor of the City was proper because Continental did not meet its burden of proving that the City was negligent. It bears the burden of proving, by a preponderance of the evidence, that the City was negligent in its handling of the initial fire at the Noland's home. Aetna, 630 So.2d at 1355-1356. Continental argues that there was sufficient evidence of the City's negligence to preclude the grant of summary judgment in favor of the City.

Continental contends that the firefighters had a duty to open up the walls and ceilings of Ms. Noland's room to look for fire extensions. However, Continental failed to introduce evidence that the flames had reached beyond the walls or the twelve foot high ceiling of Ms. Noland's bedroom during the eight minutes when the first fire was burning. There were

7

numerous eyewitness accounts of the bedroom after the fire, and there is no evidence of any fire extension into the walls. No witness saw any burn-through holes in the wall or ceiling. The firefighters checked for hot spots by feeling the walls, and there were none. The ceilings were checked with flashlights by the firefighters. Additionally, they went above the ceiling in the bedroom and into the attic, and they saw no sign of new smoke being introduced into the attic. They also checked before they left to make sure that the smoke in the attic was dissipating.

There is no evidence to support the allegation that the firefighters should have gone further in their examination. Continental's expert, Charles Fabyan, indicated that many of the salvage and overhaul measures were judgment calls to be decided on a case-by-case basis. Without any indicators that the fire had spread into the walls or ceilings, Fabyan testified that he would not have opened up the walls or ceilings.

In addition, Continental's expert is not from the state of Louisiana, nor does he teach in the state. Continental did not have an expert who could testify about the local standard of care for firemen in Louisiana or southwestern Lousiana. All of the firefighters at the Noland house received their training from the Lake Charles Fire Department training school. All of the instructors attended the Louisiana State University Fire Training Academy ("Fire Academy"). The City presented evidence that has not been countered by Continental that all of the firefighters' actions were consistent with the procedures and techniques taught to the fire department by instructors from the Fire Academy. Continental also did not introduce evidence that the firemen had breached any suggestions set forth in the International Fire Service Training Association Manual. The district court applied the "locality rule," finding that there is no reason to hold the fire department to standards that are not local standards for fire fighting. See American

Employers Ins. Co. v. Honeycutt Furniture Co., 390 So.2d 255, 261 (La. Ct. App. 1980) ("[T]he appropriate standard of care [for firemen] is . . . whether he performed his service in accordance with the skill usually exercised by others in his profession in the same general area."). Finally, Continental failed to prove by a preponderance of the evidence that, had the firefighters taken the suggested actions, the second fire could have been prevented. In sum, we have concluded that no genuine issue of material fact exists. Continental failed to prove that the City was negligent because there was no evidence that would have put the firefighters on notice that further salvage and overhaul procedures were required; the fire department should not be held to a national standard; and even if the firemen had taken action, it is not more probable than not that the fire would not have occurred.

* * * * *

We have considered all contentions of the parties and conclude that no further discussion is necessary. The district court's grant of summary judgment is AFFIRMED.