REDMANN, Judge.
This is an appeal by the liability insurer of the owner and the owner of a vacant house in which a fire initiated that spread to plaintiff’s adjacent building. Judgment below was for $5,328.00, the amount of plaintiff’s loss not covered by insurance.
Defendants complain that proof was insufficient to make them liable.
Plaintiff claimed to have proved the owner’s failure to comply with a New Orleans ordinance,[1] constituting per se negligence which, in view of the probability that tramps caused the fire by setting fire to a mattress, was a legal cause of the fire damage to plaintiff.
There is no doubt that the defendant-owner made some effort to comply with the ordinance after evicting the tenants upon receiving notice from the city that the building was unfit for habitation. But *590 we further find that a window adjacent to plaintiffs property was completely out for most and perhaps all of the six months between the house becoming vacant and the fire. Thus defendant-owner was shown not to have complied with the. ordinance.
That the fire started in a mattress is fairly proved by the testimony of two eyewitnesses (tenants of plaintiff who saw the mattress burning from their second floor window through the vacant window of defendant-owner’s building), and by the testimony of a fire inspector that the burning mattress (of which he found remnants in the debris of the fire) was a “low point”, i.e., a point from which the fire rose rather than to which the fire spread. The fire inspector excluded the possibility that electricity or gas might have caused the fire since these utilities were long disconnected.
There was evidence that wine-drinking vagrants frequented the vacant house, as did neighborhood children.
We believe the evidence meets the substantial evidence test of Boudreaux v. American Ins. Co., 262 La. 721, 264 So.2d 621 (1972), to show that the fire was started in the mattress by some unauthorized person in the vacant house.
The final question is whether the owner’s failure to keep her house secure was a legal cause of plaintiff’s damage. On this question we rely on Dixie Drive It Yourself Sys. v. American Bev. Co., 242 La. 471, 137 So.2d 298 (1962). We find that the owner’s failure to keep the house secure was a cause-in-fact of the fire we have found reasonably proven to have been ignited by vagrants or children. The ordinance’s purpose in securing vacant houses against tramps, etc., is obviously not simply to deny shelter to the homeless. It intends to protect the neighborhood from the dangers posed by a structure freely accessible with no one supervising, as to which the persons using it have no interest in maintaining or preserving it. Among those dangers is the danger that unauthorized visitors (whether vagrants, neighborhood children or arsonists) might cause a fire. In our opinion the fire here involved was one of the risks that the cited ordinance sought to protect against, and defendant-owner is therefore liable for the fire damage, and accordingly so is her liability insurer.
The judgment is affirmed.

. Code of the city of New Orleans (Ord. No. 828 M.C.S.) § 11-26: “The owners of a vacant house shall keep the doors and other entrances to such house so closed as to prevent the ingress therein by tramps or individuals not regularly occupying such house.”