BOUTALL, Judge.
This case was consolidated with La.App., 310 So.2d 146, entitled Peter Milano v. American Rent-All, et als., handed down this date. 'This is a suit for damages by the tenant, Peggy Gwin, against the owner of the building she rents, Hans W. Neil-son, and against the owner of the neighboring building, Peter Milano, his tenant American Rent-All, Inc., and their insurers. At the trial of the case, Peggy Gwin abandoned her claim against Neilson, Mil-ano and his insurer, but maintained her action against American Rent-All, Inc. and its insurer.
We have discussed the issue of causation and location of the fire in the companion case. We concluded that the fire started in the premises located next door to the Gwin premises and not in the shed in her rear yard. That building is owned by Milano and leased by American Rent-All, and is used for the repair and storage of a number of items used in its business. As we remarked therein, the evidence does not disclose what the cause of the fire was. It is urged to us that this case is on all fours with the case of Boudreaux et al. v. The American Insurance Company, 262 La. 721, 264 So.2d 621 (1972) as it applies to plain-liff herein. We cannot agree.
Although American Rent-All was the only occupant of the building and conducted its business operations therein, under the facts of this case, we cannot conclude that it was responsible for the fire. The evidence shows that the fire started somewhere high in the building in the rear corner area. In the Boudreaux case, one could reasonably conclude that the fire started as a result of grease collected in the ventilation ducts above the stove and spread through the building. However in this case, there is nothing in the evidence to show that American Rent-All was negligent in creating a dangerous condition in the origin area, or was negligent in failing to notice and correct any dangerous condition. There is no more reason to conclude that the fire was due to the negligence of American Rent-All than to conclude that it was due to the negligence or fault of the building owner, or that it was due to some unexplained cause, the fault of neither. Accordingly, we must affirm the judgment appealed from.
For the reasons assigned, the judgment appealed from is affirmed at appellants’ costs.
Affirmed.
REDMANN, J., concurs.