BEER, Judge.
Mr. and Mrs. Cobbs seek damages against the owner and the alleged tenant of premises where a fire allegedly started and spread to their leased dwelling, contending that the fire was caused by the negligent maintaining of an obvious fire hazard. The owner of the property where the fire originated also sued the alleged tenant, and the cases were consolidated for hearing before the commissioner, whose report, approved by the trial judge, dismissed all claims and precipitated this appeal.
The commissioner initially addressed the issue of control of the premises where the fire started and found that the lease of the premises terminated at the end of January, 1972. There is ample evidence of record to support this determination which obviously depended upon an evaluation of the credibility of the lessor, Veith, as opposed to the lessee, Fendley. That determination will not be disturbed. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
However, the question of control of the premises is, essentially, mooted by the fact that causation cannot be presumed and has not been proven. See: Boudreaux v. American Ins. Co., 262 La. 721, 264 So.2d 621 (1972); Morales v. Houston Fire and Casualty Co., Inc., 342 So.2d 1248 (La.App. 4th Cir. 1977), writ refused, 345 So.2d 49; Barber v. Books, Etc., Inc., 316 So.2d 154 (La.App. 4th Cir. 1975); Milano v. American Rent-All, Inc., 310 So.2d 146 (La.App. 4th Cir. 1975), writ refused, 313 So.2d 599.
The origin and cause of the fire here involved remain in serious doubt. Fire Inspector Glenn, who arrived about two hours after the fire had begun, testified as follows:
At TR. 24:
“A. This is the heaviest point of burn from all indication this is determined where the fire was, the hottest and longest most severe burn, this building was totally destroyed, or to the ground when I first arrived.”
At TR. 24-25:
“Q. Did you make a determination as to the source of the fire at 1300, 1302 and 1306 Camp Street?
A. Well, sir, from all indications it spread from the original fire from one building to another, radiation, conduction of heat and current.
Q. When you talk about spreading from the original location you were referring to 1130 Thalia Street?
A. Yes, sir.
Q. Did you make an investigation to determine whether there were any highly combustible substances at 1130 Thalia Street?
A. No, sir, I did not.
Q. Did you make any determination with regard to the fire at 1130 Thalia Street at the source of ignition of the fire, that is, the spark or flames that caused the fire?
A. No, sir, I didn’t.”
At TR. 26:
BY MR. STIREWALT:
“Q. Mr. Glenn, did you state you were unable to determine where the fire actually started?
A. Well, what I thought I said that the building where the fire started in my opinion was destroyed, as an opinion point of location, no, sir, I don’t know.”
Noting this testimony, the commissioner concluded:
*305 “ . . ., the record is void of any testimony as to the cause of the fire or of any negligence on behalf of the defendant Veith. We are left with the bare facts that a fire occurred on February 17,1973, and probably began in the Thalia Street property. I do not feel that the mere fact that the property was left unattended for thirteen months, or that maybe some trash was in the property at the time of the fire, or that maybe vandals and vagrants were using the property is sufficient circumstantial evidence from which we can draw an inference of negligence on behalf of Mr. Veith in causing the fire. Therefore, the record is lacking in evidence that the fire was caused by the negligence of Mr. Veith.”
Appellant urges that this case is indistinguishable from Mistretta v. Fiorella, 269 So.2d 589 (La.App. 4th Cir. 1972). There, however, a violation of the applicable ordinance was factually determined to be the cause of the fire. Here, the evidence sheds no light on the point of origin of the fire and does not lead to a similar inference of causation-in-fact. Mistretta is distinguishable on its facts.
In Boudreaux, supra, the court was able to factually determine that the fire had started in the ductwork above the restaurant’s stoves and grills. The ductwork had not been cleaned for an extended period. Where the origin of the fire could be pinned down to that extent, it was reasonable to conclude that unextinguished pilot lights caused the fire to start in the ductwork. Similarly, in Fireman’s Fund Ins. Co. v. United States F. & G. Co., 276 So.2d 754 (La.App. 3rd Cir. 1973), the origin of the fire was narrowed down to two possibilities: 1) a lighted cigarette, or 2) spontaneous combustion. In light of evidence that two of defendant’s employees smoked regularly on the premises, a reasonable factual determination as to the cause of the fire was properly made.
On this record, possible causes of the fire are too numerous to properly conclude that defendant’s alleged negligence was, more probably than not, the cause in fact. The judgment is affirmed, at appellants’ cost.

AFFIRMED.