CHEHARDY, Judge.
This is a subrogation suit to recover sums paid by plaintiff Maryland Casualty Company to its insured Electronic Services, Inc., for fire damage to a building located at 177 Sala Avenue in Westwego, Louisiana.
Named defendants were Charles M. Carter and the estate of Cecile Carter, owners of the adjacent buildings where the fire originated.
Following trial, judgment was rendered dismissing plaintiff’s suit. Plaintiff has appealed.
The questions for our determination are whether or not the court erred (1) in failing to find the fire was caused by the fault of defendants, and (2) in refusing to admit part of the testimony of an arson investigator.
Charles M. Carter inherited the buildings located at 165, 167 and 167V2 Sala Avenue, Westwego, from his late aunt Cecile Carter.
The fire which occurred in the late evening or early morning, hours of July 4, 5, 1977 started in 165 Sala and spread to the adjoining buildings. The fire, or water used in extinguishing it, damaged the property at 177 Sala owned by Electronics Services and insured by plaintiff-appellant Maryland Casualty.
Maryland paid its insured $8,988.30 for the damages (less a $100 deductible) and thereby became subrogated to the rights of its insured to the extent of its payment.
*433 Plaintiff alleges the fire was caused by the decrepit delapidated, ramshackle condition of defendant’s buildings, or alternatively by vagrants who gained access to the abandoned buildings.
Defendants’ properties are actually three buildings which give the appearance of being one building; 165 Sala was an apartment building. Behind that building was a shed attached to the back of the building which contained old air conditioners and mattresses. The shed was fenced and locked. This building had been empty and boarded up, but vandals had on occasion broken into the building. An alarm was installed and whenever the door was found open it was boarded up again.
The building at 167 and 167 ¥2 Sala contained the Rockhouse Bar and Grill downstairs and efficiency apartments upstairs usually rented to factory workers in the Westwego area. When it came time to renew the license for the bar the city refused the permit in January 1977 because of the condition of the building.
Mr. Carter, the owner, who lived in New York, came to Louisiana to assist his tenant Mr. Gilyard in getting the permit renewed to reopen his business.
Carter conferred with the Fire Chief and his assistant and they inspected the premises together, following which Carter received a report from the Chief about January 29, 1977.
In accordance with this report Carter engaged Ernest Green, a contractor, to make the necessary repairs. There were no complaints about 165 Sala, which was not used by the bar, and the defects to be corrected were at the 167, I67V2 Sala property.
At that time Sterling Bazile and Eddie Paine were both living at 167V2 Sala. They cut the grass and kept the property clean. This was important because defendant had no insurance on the buildings.
Green performed the repairs in accordance with the list and Gilyard also helped with the repairs. During the period several persons were authorized to be on the property: Bazile, Paine, Gilyard, Green and Sam Reine, a realtor who looked after Carter’s properties in the area.
Carter returned to Louisiana on two other occasions prior to the July fire to examine his property and check on repairs. The work was almost finished and had progressed sufficiently so that the utilities had been applied for.
On the afternoon of the fire, Bazile had gone to a ballgame with a nephew and some friends and returned about 6 p.m., left to have a few beers with friends at a bar, and returned for the night about 11 p.m. He was sleeping in the upstairs bedroom toward the front of the bar and burned to death in the fire. There was a suggestion of foul play because the physical evidence indicated he might have been a victim of a robbery, or involved in a fight, since he was known to have money on his person when he left the bar. He had blood coming from his mouth when found dead by his nephew and the fireman.
There were no eyewitnesses and the only evidence as to the origin of the fire was the testimony of Delaune Ordogne, an arson investigator with the State Fire Marshal’s office, and Joseph Barnes, a resident of the Sala Street area who pleaded guilty to simple arson in connection with the fire.
Ordogne stated that taking into consideration the fire burn pattern he determined the fire originated in the rear of the apartment on the left hand side of the bar. He was unable to retrieve any flammables from the area, but thought the fire was incendiary in origin.
Plaintiff then called upon Barnes to testify. Barnes admitted pleading guilty to arson but refused to admit he entered the building and fell asleep while smoking.
Plaintiff requested permission to question Barnes as a hostile witness, although acknowledging he was not surprised. The court also refused to listen to testimony of Ordogne tending to impeach Barnes.
The testimony of Mr. Ordogne was then proffered. Ordogne testified he administered stress test evaluations to Barnes who *434 stated he accidentally started the fire when he fell asleep with a cigarette.
Appellant asserts the trial court improperly refused to admit this portion of the testimony. However assuming arguendo that the testimony should have been admitted, we do not see how a different result would have necessarily been reached by the trial court.
The question before the court was clearly whether plaintiff had established that the fire and ' resulting damages were caused by the fault of the defendants.
We are cited to the case of Mistretta v. Fiorella, 269 So.2d 589 (La.App. 4th Cir.1972), as being analagous here.
In Mistretta:• the owner of a vacant building was found liable to the owner of a neighboring building because the fire originated in the vacant building owned by defendant.
A local ordinance in that case required that vacant buildings be secured and evidence showed vagrants and neighborhood children had been entering the building through broken windows for six months.
In the instant case the Sala Street properties were not abandoned. Bazile was living in a portion of the property, and repairs were being made and various authorized persons were checking the property to be certain it was secured. When it was discovered the property had been broken into, it was boarded up, and Carter purchased a burglar alarm from Electronic Services, Inc., located at 177 Sala Street, which was subsequently damaged by the fire.
Not only do we find there is no evidence of negligence on the part of defendants, it appears from the record that everything possible was being done by defendants to repair the property to resume business.
Based upon the entire record we find the judgment of the trial court consistent with the evidence. There is no manifest error here.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.