| | | |
|---|---|---|
| MJH PROPERTIES, L.L.C., | * | NO. 2023-CA-0142 |
| SJH PROPERTIES, L.L.C., | | |
| ALGIERS ROY & SONS | * | |
| MUSIC COMPANY INC., | | COURT OF APPEAL |
| SCOTT J. HOERNER, | * | |
| MICHAEL FARNUM, | | FOURTH CIRCUIT |
| PAMELA KLOSS, MISTY | * | |
| SIMMONS, AND JAMES | | STATE OF LOUISIANA |
| BOSMA | * * * * * * * | |

VERSUS

MICHAEL FARLEY,
CHARLES DRIEBE JR., 2100
ST. CLAUDE, L.L.C.,
PROVIDENT TRUST GROUP,
L.L.C.

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-10101, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

Marc J. Hoerner
DEFENSE ON DEMAND, LLC
2483 Burgundy Street
New Orleans, LA 70117

      COUNSEL FOR PLAINTIFFS/APPELLANTS

J. McCaleb Bilbro
WAGNER BAGOY & RAYER, LLP
601 Poydras Street, Suite 1660
New Orleans, LA 70130

      COUNSEL FOR DEFENDANTS/APPELLEES

                              **AFFIRMED**
                              **October 4, 2023**

This is a negligence case arising out of a fire that started in a vacant tire shop and spread to adjoining properties—a bar and an apartment duplex. Plaintiffs are the owners of the adjoining properties and their tenants ("Adjoining Owners").[1] Defendants—2100 St. Claude, LLC, and its owners, Charles Driebe, Jr., and Michael Farley ("Farley") (collectively "2100 St. Claude")—are the owners of the vacant tire shop.[2] From the trial court's October 5, 2022 judgment, granting 2100

---

[1] The eight original plaintiffs are MJH Properties, LLC (d/b/a Melvin's Bar); SJH Properties, LLC ("SJH"); Algiers Roy & Sons Music Company, Inc. ("Algiers Roy"); Scott J. Hoerner; Michael Farnum; Pamela Kloss; Misty Simmons; and James Bosma (collectively "Original Plaintiffs"). On October 3, 2022, the trial court granted the motion to discharge counsel filed by three Original Plaintiffs—Mr. Hoerner, SJH, and MGJ. Those three plaintiffs are not parties to this appeal. The remaining five Original Plaintiffs who filed this appeal are Algiers Roy, Mr. Farnum, Ms. Kloss, Ms. Simmons, and Mr. Bosma (the "Appellants"). For ease of discussion, we refer in this opinion to both Original Plaintiffs and Appellants as "Adjoining Owners."

[2] Although a fourth defendant—Provident Trust Group LLC—was named in the original petition, Plaintiffs voluntarily dismissed Provident without prejudice. A fifth defendant, Colony Insurance Company ("Colony")—2100 St. Claude's insurer—was subsequently added by amended petition. At the time the summary judgment motion was filed, Colony had not answered the petition. Given this timing issue, Colony was not included as a party to the summary judgment motion. Colony is thus not a party to this appeal. The record reflects that Colony has filed its own summary judgment motion, which is pending in the trial court. According to the parties, the trial court has stayed a ruling on Colony's motion pending this Court's decision on this appeal.

1

St. Claude's summary judgment motion, Adjoining Owners appeal. For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2015, 2100 St. Claude acquired property located at 2100 St. Claude Avenue in New Orleans, Louisiana (the "Property"); the Property was the site of a former tire shop. From October 2015 to December 2019, the Property remained vacant. In December 2019, a fire started in the vacant tire shop on the Property and spread to adjoining properties located at 2112 St. Claude Avenue and 1031 Frenchmen Street—a bar and an apartment duplex, respectively. On the day of the fire, the New Orleans Fire Department ("NOFD") called in the State Fire Marshall to investigate the origin and cause of the fire; Corporal Joshua Correa conducted the investigation. Although Corporal Correa determined that the fire originated in the vacant tire shop, he could not determine the cause of the fire.

Thereafter, Adjoining Owners filed this suit against 2100 St. Claude. In their petition, Adjoining Owners averred that 2100 St. Claude's negligence was the cause of the fire and that 2100 St. Claude was liable to them for their resultant damages.[3] After 2100 St. Claude answered and the parties engaged in discovery, 2100 St. Claude filed a summary judgment motion.

_____

[3] Adjoining Owners averred that 2100 St. Claude was negligent in the following respects:

    A.  Failure to secure partially collapsed structure;
    B.  Failure to repair and install adequate fencing;
    C.  Failure to install and maintain adequate exterior security lighting;
    D.  Failure to maintain any interior security lighting;
    E.  Disregarded multiple code enforcement violations;
    F.  Failure to safely secure active and exposed electric lines;
    G.  Failure to disconnect live electric lines attached to a partially collapsed structure;
    H.  Failure to properly maintain an area under its sole and exclusive control;

In its summary judgment motion, 2100 St. Claude contended that Adjoining Owners' negligence claim must be dismissed because they cannot establish an essential element of their claim—fault. Along with its motion, 2100 St. Claude submitted six exhibits—the petition; Mr. Farley's affidavit; and excerpts from the depositions of Corporal Correa and three of the plaintiffs (Mr. Bosma, Mr. Farnum, and Ms. Blossom).

Opposing the summary judgment motion, Adjoining Owners contended that there were genuine issues of material fact. Along with their opposition, Adjoining Owners submitted twenty-seven exhibits—three screenshots of text messages from Mr. Hoerner to Mr. Farley; twenty photographs; Corporal Correa's Investigation Report; 2100 St. Claude's Memorandum in Support of its Summary Judgment Motion; and the deposition transcripts of Mr. Driebe and Mr. Farley.

In its reply memorandum, 2100 St. Claude objected to all but three of Adjoining Owners' twenty-seven exhibits—2100 St. Claude's Memorandum in Support of its Summary Judgment Motion; and the deposition transcripts of Mr. Driebe and Mr. Farley. St. Claude's evidentiary objection to the other twenty-four exhibits was that those exhibits were inadmissible hearsay. In an attempt to cure the evidentiary problem with most of their exhibits, Adjoining Owners—three days before the scheduled hearing on the summary judgment motion—submitted Mr.

---

I.   Failure to remove large amounts [of] flammable trash [and/or] debris;
J.   Failure to install and operate fire alarm or fire suppression system;
K.   Failure to install and operate a burglar alarm; and
L.   Allowed various types of trespassers, vagrants, drug users, and other danger[ous] persons to occupy property regularly.

Hoerner's affidavit authenticating the text messages and photographs. In response, 2100 St. Claude filed a motion to strike Mr. Hoerner's affidavit. Adjoining Owners, in turn, filed a motion to continue and for leave of court to cure any defects ("Motion to Continue").

At the beginning of the summary judgment hearing, the trial court denied the Motion to Continue, granted 2100 St. Claude's motion to strike Mr. Hoerner's affidavit as untimely, and granted 2100 St. Claude's evidentiary objection to all but three of Adjoining Owners' exhibits.

In its oral reasons for judgment, the trial court observed that, pursuant to La. C.C.P. art. 966(B)(2), all documents in support of an opposition to a summary judgment motion shall be filed and served in accordance with La. C.C.P. art. 1313 not less than fifteen days before the hearing on the motion.[4] The trial court also cited *Auricchio v. Harriston*, 20-01167, p. 1 (La. 10/10/21), 332 So.3d 660, 661. In that case, the Louisiana Supreme Court construed La. C.C.P. art. 966(B)(2) to mean that a trial court has no discretion to extend the fifteen-day deadline for filing an opposition unless it continues the hearing date itself. Here, the trial court found no good cause to continue the hearing date; thus, the trial court found Mr. Hoerner's affidavit was untimely and could not be considered. The trial court excluded all but three of Adjoining Owners' exhibits. The trial court also observed that Adjoining Owners made no objections to 2100 St. Claude's exhibits.

---

[4] La. C.C.P. art. 966(B)(2), provides that "[a]ny opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion."

Based on the admissible summary judgment evidence before it, the trial court granted 2100 St. Claude's summary judgment motion. In its oral reasons for judgment, the trial court observed that Adjoining Owners had not provided any admissible evidence to support their allegations that 2100 St. Claude should be held liable for their damages caused by the fire. The trial court, thus, found that Adjoining Owners had not established a genuine issue of material fact to preclude summary judgment and that 2100 St. Claude was entitled to judgment as a matter of law.

This appeal followed.

## DISCUSSION

On appeal, Adjoining Owners assign only one error—the trial court's granting of 2100 St. Claude's summary judgment motion.[5]

*Summary Judgment Precepts and Standard of Review*

The principal summary judgment article—La. C.C.P. art. 966—starts with "a statement of what summary judgment is, why it exists, and when the motion may be brought." Garrett Filetti, *22nd Time's the Charm: The 2015 Revisions to Summary Judgment in Louisiana*, 77 LA. L. REV. 479, 492 (2016).[6] Summary

---

[5] Although Adjoining Owners raised the evidentiary issue regarding the exclusion of all but three of their exhibits in their appellate brief, they failed to include this issue in their assignments of error. *See* Rule 1-3, Uniform Rules, Courts of Appeal (providing that "[t]he Courts of Appeal shall review issues that were submitted to the trial court and that are contained in specifications or assignments of error, unless the interest of justice requires otherwise"). Nonetheless, we find this argument unpersuasive. The striking of Mr. Hoerner's affidavit was mandated by the *Auricchio* case and La. C.C.P. art. 966(B)(2); hence, the text messages and photographs correctly were excluded as unauthenticated, hearsay evidence. Corporal Correa's Investigation Report, likewise, was correctly excluded because it is hearsay evidence.

[6] The Louisiana Legislature amended La. C.C.P. art. 966, effective August 1, 2023. The amendment to this article, however, is not applicable to this appeal.

judgment is a procedure that exists to determine whether there is any genuine issue of material fact warranting a trial. *Cutrone v. English Turn Prop. Owners Ass'n, Inc.*, 19-0896, p. 7 (La. App. 4 Cir. 3/4/20), 293 So.3d 1209, 1214 (citation omitted). The summary judgment procedure is favored in Louisiana state courts and shall be construed to "secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La. C.C.P. art. 966(A)(2). The summary judgment procedure may be invoked "[a]fter an opportunity for adequate discovery." La. C.C.P. art. 966(A)(3).

Summary judgment shall granted when "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). A genuine issue of fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on the issue, and the granting of summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751 (citation omitted). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Id.*

The governing statute, La. C.C.P. art. 966(D)(1), provides for a shifting burden of proof.[7] But, "[t]he burden does not shift to the party opposing the

---

[7] La. C.C.P. art. 966(D)(1), provides for a shifting burden of proof:

> [I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim,

summary judgment until the moving party first presents a prima facie case showing that there are no genuine issues of material fact. The movant does not carry his initial burden when he simply 'points out' by motion or brief that the plaintiff lacks factual support for any claim against him." *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 n.4 (citations omitted).

Construing La. C.C.P. art. 966(D)(1) the Louisiana Supreme Court has observed:

> [La. C.C.P. art. 966(D)(1)] first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.

*Racine v. Moon's Towing*, 01-2837, pp. 4-5 (La. 5/14/02), 817 So.2d 21, 24-25 (citations omitted). The mandate that a nonmoving party's failure to produce evidence in response to a properly supported summary judgment motion dictates that summary judgment be granted is codified in La. C.C.P. art. 967(B).[8]

---

action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

[8] La. C.C.P. art. 967(B) provides that "[the] adverse party may not rest on the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."

A trial court's ruling on a summary judgment motion is reviewed using a *de novo* standard. *Planchard v. New Hotel Monteleone, LLC*, 21-00347, p. 2 (La. 12/10/21), 332 So.3d 623, 625 (citations omitted). To decide whether summary judgment is appropriate, an appellate court uses the same standards and rules as a trial court—"whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Id.* at pp. 2-3, 332 So.3d at 625 (citations omitted). Whether a fact is material must be determined based on the applicable substantive law. *Roadrunner Transp. Sys.*, 17-0040, p. 7, 219 So.3d 1265, 1270 (citation omitted).

*Applicable Substantive Law*

As noted at the outset, this is a negligence action. In their petition, Adjoining Owners cite La. C.C. arts. 2316[9] and 2322.[10] Both of these articles set forth negligence causes of actions.[11] To establish a negligence cause of action, the elements a plaintiff must prove are three-fold: "fault, causation and damage." *Buckley v. Exxon Corp.*, 390 So.2d 512, 514 (La.1980) (citations omitted).

---

[9] La. C.C. art 2316 provides that "[e]very person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."

[10] La. C.C. art. 2322 provides:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

[11] *See Ambrose v. McLaney*, 06-1181, p. 4 (La. App. 4 Cir. 5/16/07), 959 So.2d 529, 532-33 (observing that "[a]s a result of the 1996 amendments, the former strict liability causes of action provided for under [La. C.C. arts. 2317.1 and 2322] are now negligence causes of action").

This negligence action arises out of a fire. The jurisprudence has recognized that "[t]he mere occurrence of a fire does not justify the inference of negligence, since fires may occur from many separate and distinct causes." *Toussant v. Guice*, 414 So.2d 850, 854 (La. App. 4th Cir. 1982) (citations omitted). Moreover, "no recovery can be had when there is no evidence whatever suggesting that a fire which spreads to a building was caused by the negligence of a[n] . . . owner . . . of an adjoining building." *Barber v. Books, Etc., Inc.*, 316 So.2d 154, 157-58 (La. App. 4th Cir. 1975) (citations omitted).

*Parties' Positions*

Adjoining Owners contend that 2100 St. Claude failed to meet its initial burden of making a *prima facie* case that summary judgment should be granted. As a result, Adjoining Properties contend that the burden never shifted to them. Adjoining Properties contend that in addition to the cause of the fire, there are other genuine issues of material fact, such as whether 2100 St. Claude was negligent.[12] Adjoining Owners further contend that a non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 332; 106 S.Ct. 2548, 2557; 91

---

[12] Adjoining Owners additionally contend that there is a genuine issue of material fact regarding whether Mr. Farley and Mr. Driebe—the two owners (members) of 2100 St. Claude, at the time of the fire—are individually liable for their disputed negligent acts. In their petition, Adjoining Owners plead a "piercing of the veil" claim against these two defendants. But, in their summary judgment motion, 2100 St. Claude stated that it was not addressing this issue of the potential individual liability of Mr. Farley and Mr. Driebe because its summary judgment motion sought dismissal of all claims.
.

L.Ed.2d 265 (1986) (Brennan, J., dissenting).[13] According to Adjoining Owners, there is a vast amount of evidence already in the record that has been overlooked.

2100 St. Claude counters that, at trial, Adjoining Owners would have the burden of proving that 2100 St. Claude's fault caused the fire and that they cannot meet that burden because the cause of the fire is unknown. In the alternative, 2100 St. Claude argues that Adjoining Owners, at best, can show only that the fault of an unknown third person may have started the fire, which is insufficient to impose liability on 2100 St. Claude.

*Summary Judgment Evidence*

The evidence that a trial court can consider on a summary judgment motion is limited by statute; "[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." La. C.C.P. art. 966(D)(2). Applied here, the only evidence the trial court could consider consisted of 2100 St. Claude's six exhibits and Adjoining Owners' three admitted exhibits.

Adjoining Owners' three admitted exhibits are devoid of any evidence establishing 2100 St. Claude's fault. Those three exhibits were 2100 St. Claude's memorandum in support of its summary judgment motion and deposition excerpts of 2100 St. Claude's two owners (members) at the time of the fire— Mr. Farley and Mr. Driebe. Neither Mr. Farley nor Mr. Driebe testified regarding the cause of the fire. The dispositive issue is thus whether 2100 St. Claude established a prima

---

[13] Although Adjoining Parties cite *Broussard v. Blount*, 20-544 (La. App. 3 Cir. 5/5/21), 319 So.3d 389, for this quote, the correct citation is to Justice Brennan's dissent in the *Celotex* case.

10

facie case, shifting the burden to Adjoining Owners. If so, the trial court did not err in granting 2100 St. Claude's summary judgment motion.

*2100 St. Claude's Prima Facie Case*

In support of their claim that 2100 St. Claude failed to meet their burden of proving the propriety of summary judgment, Adjoining Owners cite the *Broussard* case; in *Broussard*, the appellate court posed the question of "how must Defendants satisfy their initial burden of production under La. [C.C.]P. art. 966(D)(1)?" 20-544, p. 7, 319 So.3d at 393. The appellate court in *Broussard* observed that a "defendant moving for summary judgment [who does not have the burden of proof at trial] does not carry his initial burden when he simply points out by motion or brief that there is a lack of factual support for an essential element of the plaintiff's claim." *Id.* at p. 7, 319 So.3d at 394; *see also Roadrunner*, 17-0040, p. 7, 219 So.3d at 1270 n.4. Conversely, the appellate court in *Broussard* cited three cases in which it was determined that a defendant's initial burden was satisfied; the type of evidence the courts found sufficient in each of those cases was as follows:

- An affidavit of defendant's employee—*Babin v. Winn-Dixie La., Inc.,* 00-0078 (La. 6/30/00), 764 So.2d 37;

- A plaintiff's deposition—*Motton v. Lockheed Martin Corp.*, 97-0204 (La. App. 4 Cir. 12/1/97), 703 So.2d 202; and

- A plaintiff's discovery responses—*Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

Here, 2100 St. Claude did not rely solely on allegations in its summary judgment motion or brief that there is a lack of factual support for an essential

element of Adjoining Owners' negligence claim. To the contrary, it submitted six items, including an affidavit and deposition testimony.[14]

The affidavit 2100 St. Claude submitted was from Mr. Farley, in his capacity as the sole member of 2100 St. Claude. The gist of Mr. Farley's attestations in his affidavit is as follows:

- At the time of the fire, December 3, 2019, St. Claude had two members, Mr. Farley and Mr. Driebe; subsequently, Mr. Farley became 2100 St. Claude's sole member;

- The premises of the former tire shop at 2100 St. Claude Avenue were vacant between the date 2100 St. Claude acquired the Property— October 15, 2015—and the date of the fire—December 3, 2019 ("Vacancy Period");

- During the Vacancy Period, issues arose at the Property relative to vandals and vagrants; and 2100 St. Claude handed these issues as they arose by installing fencing and protective boards. But, as is common with unoccupied properties in Orleans Parish, persons continued to trespass onto the Property;

- No fires were reported or brought to 2100 St. Claude's attention during the Vacancy Period. Nor did any representatives of the New Orleans Fire Department, or anyone else, advise 2100 Claude of any fire hazards; and

- During the Vacancy Period, the Property had electrical service. But, during the Vacancy Period, no complaints occurred regarding the Property's electrical service. Nor were any such issues brought to 2100 St. Claude's attention.

The depositions 2100 St. Claude submitted were from Corporal Correa and three of the plaintiffs—Ms. Kloss, Mr. Farnum, and Mr. Bosma. Corporal Correa testified that he conducted an investigation of the cause and origin of the fire. Although he determined the fire originated in the vacant tire shop, he was unable to

---

[14] 2100 St. Claude also submitted a copy of Adjoining Owners' petition. As noted elsewhere in this opinion, Adjoining Owners aver in their petition that 2100 St. Claude was negligent in multiple respects and that its negligence caused the fire and Adjoining Owners' resulting damages.

determine the cause of the fire. The cause of the fire remains unknown. Likewise, the three plaintiffs testified in their depositions that they were unaware of the cause of the fire.[15]

Taken together, 2100 St. Claude's summary judgment evidence satisfied its burden of pointing out the absence of factual support for the fault element of Adjoining Owner's negligence claim. In Louisiana, "[d]elictual liability consists of fault, causation, and damage. To establish liability, a plaintiff must prove that defendant's fault caused some legally compensable damage." *Hall v. Brookshire Bros., Ltd.*, 02-2404, 2421, p. 11 (La. 6/27/03), 848 So.2d 559, 567 (citations omitted). Given Adjoining Owners failed to produce admissible evidence establishing a genuine issue of material fact on the issue of 2100 St. Claude's fault, the trial court did not err in granting 2100 St. Claude's summary judgment motion.

## DECREE

For the foregoing reasons, the trial court's October 5, 2022 judgment is affirmed.

**AFFIRMED**

---

[15] One of those deponents, Ms. Kloss, was the individual who called 911 to report the fire. But, she denied knowledge of the cause of the fire. Another of those deponents, Mr. Farnum, learned of the fire from Ms. Kloss, who called him on the phone; he had no personal knowledge of the cause of the fire. The third deponent, Mr. Bosma, denied personal knowledge of the cause of the fire beyond "just speculation."